# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Billie A. Royster,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-3128

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

On May 12, 2021, Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's denial of benefits. R&R, ECF No. 20.

Plaintiff contended in her Statement of Specific Errors that the ALJ discounted Plaintiff's allegations of symptoms as not supported by diagnostic testing results and clinical examination findings and failed to evaluate Plaintiff's credibility.[1] Stmt. of Errors 16, ECF No. 17. In response, the R&R noted that Social Security Rule ("SSR") 12-2p requires an ALJ to evaluate a claimant's credibility pursuant to a two-step process outlined in SSR 16-3p. R&R 6, ECF

---

[1] The Social Security Administration and rules do not refer to assessing "credibility" but rather to performing a "subjective symptom evaluation." SSR 16-3p. The Court refers herein to "credibility" for ease of reference and because that is the term Plaintiff uses in her Statement of Specific Errors.

No. 20. The R&R explains that the second step of that process requires an ALJ to evaluate credibility by looking first at objective medical evidence. *Id.* Then, if the objective medical evidence does not support the claimant's subjective assertions regarding her symptoms and the limiting effects of her symptoms, the ALJ must consider all record evidence. *Id.* at 7. This evaluative process is followed even when a claimant alleges disability based on fibromyalgia. SSR 12-2p at *5 (referencing SSR 96-7p, which has been replaced with SSR 16-3p). If the medical signs and laboratory findings in the record do not substantiate a claimant's statements about the intensity, persistence, and limiting effects of her fibromyalgia, the ALJ considers such evidence as "the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." SSR 12-2p at *5.

The R&R concluded that the ALJ did assess the credibility of Plaintiff's statements about the intensity, persistence, and limiting effects of her fibromyalgia by considering, first, whether the statements were supported by objective medical evidence and, second, whether the statements were supported by other record evidence. R&R 8, ECF No. 20. The R&R concluded that the ALJ did not err by considering objective medical evidence as part of that credibility assessment before considering all other record evidence. *Id.* The R&R then concluded that substantial evidence supported the ALJ's determinations that

neither objective medical evidence nor the other record evidence supported Plaintiff's statements about the intensity, persistence, and limiting effects of her fibromyalgia. *Id.* at 9.

The Court has conducted a *de novo* review of Plaintiff's Statement of Specific Errors, the R&R, and Plaintiff's objections. The Court concludes Plaintiff's objections lack merit.

The ALJ found that the "objective evidence" did not support the degree of limitation Plaintiff alleged from her fibromyalgia *and* reactive arthritis. ALJ Dec., ECF No. 12-2 at PAGEID # 75. First, Plaintiff offers no argument the ALJ's references to objective medical evidence were inappropriate when analyzing the symptoms from reactive arthritis.

Second, Plaintiff has not cited any case law stating it is improper to consider whether objective medical evidence supports a claimant's statements regarding the limiting effects of fibromyalgia if the ALJ does not base her conclusion on that analysis alone. Where, as here, the ALJ considers objective medical evidence but also considers whether other objective record evidence supports the claimant's statements, the Court finds no error. The Court notes that the ALJ's conclusion was supported by non-medical evidence such as: Plaintiff was routinely observed as "well-appearing and in no acute distress"; she reported that medication improved her sleep; she did not need an ambulatory aid despite her allegations of balance problems; and Plaintiff rated her pain a 2 out of 10 after using Gabapentin and Sulfasalazine. This is sufficient non-medical-

record evidence to support the ALJ's discounting of Plaintiff's subjective statements regarding the limiting effects of fibromyalgia.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATE DISTRICT COURT